IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RYAN N. HAYNES,

          Petitioner,

v.

ERIC WILLIAMS,

          Respondent.

Case No. 23-CV-01348-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Ryan Haynes is a federal inmate presently housed at Federal Correctional Institution Greenville in Illinois. He filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Rule 1(b) gives this Court the authority to apply these Rules to other habeas corpus cases. *Id.*

### FACTUAL AND PROCEDURAL BACKGROUND

On March 13, 2019, Haynes was sentenced to 120 months in prison and three years of supervised release, after having been convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2*). See United States v. Haynes*, No. 18-cr-00152-001 (S.D. Iowa 2019), (Doc. 106).

Haynes previously filed a § 2241 petition in this District which was dismissed with prejudice on October 10, 2023. *See Haynes v. Williams*, No. 23-cv-01051-SMY (S.D. Ill. 2023), (Doc. 15). His previous petition cited *United States v. Stinson*, 508

U.S. 36 (1993) and argued that that the BOP erroneously classified his conviction for Felon in Possession of a Firearm as a "crime of violence," which resulted in a finding of high recidivism that rendered him ineligible for certain time credits and consequently, early release under the First Step Act (FSA). *See id.*, (Doc. 1).

As an initial matter, while petitioners are required to obtain authorization from the applicable Court of Appeals to file "second or successive" motions to correct, vacate, or set aside their sentence pursuant to 28 U.S.C. § 2255(h), the Seventh Circuit has stated that successive § 2241 habeas corpus petitions do not require prior approval. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (citing *Felker v. Turpin*, 518 U.S. 651 (1996)). However, § 2244(a) does prohibit successive § 2241 petitions directed to the same issue concerning execution of a sentence. *See id.* at 695. Thus, the question is whether the prior ruling concerns the same issue as faces this Court. Even though both address application of FSA time credits, because Haynes advances a different argument here, the Court will conduct preliminary review under Rule 4.

The instant Petition attacks the application of certain static and dynamic factors in the Prisoner Assessment Tool Targeting Elements of Risk and Need (PATTERN) utilized by the Bureau of Prisons to gauge recidivism risk. First, Haynes argues that this allocation of points "harmfully affects the effectiveness and efficiency" of EBRR programs contrary to Congress's intent in the FSA. (*See id.*, p. 19). To that end, he requests that the Bureau of Prisons remove the 12-point cap in the "Programs Completed" section of the Prisoner Assessment Tool Targeting Elements of Risk and Need (PATTERN). (*See id.*, p. 18). He argues that, instead of a

tiered system of points, there should be a scaled system in which each individual Evidence-Based Recidivism Risk (EBRR) program completed earns the inmate an additional point value in line with the intent of the FSA. (*See id.*, pp. 18–19). The current system awards a three-point reduction after 1 program, 3 programs, 10 programs, and 12 programs, respectively with a maximum of 12 points possible. (*See id.*).

He next argues that the imposition of "static" risk factors for age and criminal history points into the PATTERN assessment is "diminishing the intent of Congress through the First Step Act of 2019." (*Id.*, pp. 20–21). Because he has 40 criminal history points applied to his PATTERN score, he argues that he cannot adequately lower his recidivism score sufficiently to gain FSA time credits to apply to his sentence. (*See id.*, p. 21). He argues that the Department of Justice and Bureau of Prisons "should not have the authority to ignore, misinterpret, or show clear disregard for Congressional intent." (*Id.*, pp. 21–22).

In response, the Bureau of Prisons has stated that it "does not have the authority to approve or deny the relief" Haynes pursues, since the PATTERN tool was developed by the Department of Justice "with input from numerous stakeholders." (*Id.*, p. 17).

## DISCUSSION

The Supreme Court has established that habeas petitions are only appropriate where "success in [the] action would necessarily demonstrate the invalidity of confinement or duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Additionally, "the Supreme Court has long held that a civil rights action brought pursuant to 42

U.S.C. § 1983 is the proper vehicle for challenging a condition of confinement, such as the BOP's security rating of an inmate or the inmate's facility designation." *Pinkney v. U.S. Dep't of Just.*, No. 07-CV-106, 2009 WL 277551 (N.D.W. Va. Feb. 5, 2009). Thus, the key determination is whether the petition is seeking an adjustment to the length of the prisoner's sentence or whether it merely affects the conditions of his or her sentence.

It has been clearly established that a federal inmate may challenge the application of potential sentence credits in the calculation of his or her sentence in a § 2241 petition. *See Setser v. United States*, 566 U.S. 231, 244 (2012). That being said, a prisoner has "no constitutional or inherent right" in being released prior to the completion of a valid sentence. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). If a relevant statute places no "substantive limitations on official discretion" in granting an early release from a valid sentence, no constitutionally protected liberty interest is implicated. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983).

The FSA delegates to the Attorney General the authority to develop "a risk and needs assessment system" used for the purpose of "determin[ing] the recidivism risk of each prisoner as part of the intake process, and classify[ing] each prisoner as having minimum, low, medium, or high risk for recidivism." 18 U.S.C. § 3632(a)(1). This assessment system is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of EBRR programming appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRR

programs and productive activities; (5) determining when to provide incentives and rewards for successful participation in EBRR programs and productive activities; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release. *See* 28 U.S.C. § 3632(a).

In order to be eligible for FSA early release, an inmate must "[have] shown through the periodic risk reassessments a demonstrated recidivism risk reduction or [have] maintained a minimum or low recidivism risk [during the term of imprisonment]." 18 U.S.C. § 3624(g)(1)(B); *see* 28 C.F.R. § 523.44(b). For placement in prerelease custody, § 3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or that the placement was specifically approved by the cognizant Warden. 18 U.S.C. § 3624(g)(1)(D)(i). In a similar fashion, for early transfer to supervised release, § 3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment." 18 U.S.C. § 3624(g)(1)(D)(ii).

Because Haynes has a "high" PATTERN score, he can accrue (but not use) FSA time credits to reduce his sentence. (*See* Doc. 1, p. 17). His argument, thus, is that he is unable to meaningfully change his PATTERN score because of the interplay between static factors (age, criminal history) and because attending supported programming will not reduce his score enough for it to matter. (*See* Doc. 1). Haynes argues that the Bureau of Prisons is failing to execute the will of Congress in the FSA. (*See id.*, pp. 18–22).

However, there is a critical error with this argument. While the Supreme Court

has stated that state statute-mandated time credits create a liberty interest, *see Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), "the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison." *Id.* The FSA only establishes that prisoners can earn good-time credits; it does not establish that good-time credits are statutorily *required*. The FSA good-time credit system is executed in accordance with regulations promulgated by the Bureau of Prisons in the Federal Register. *See* FSA Time Credits, 87 Fed. Reg. 2705 (Jan. 19, 2022) (to be codified at 28 CFR pts. 523, 541). As the Department of Justice has authority to establish regulations to implement the FSA in the Bureau of Prisons, usage of PATTERN as one of the factors considered in award of FSA time credits is reasonable. Haynes, thus, does not have a constitutionally protected liberty interest that is cognizable in a § 2241 petition.

## Conclusion

For the reasons set forth above, Haynes's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED with PREJUDICE** as it plainly appears that he is not entitled to relief.

**IT IS SO ORDERED.**

**DATED:   November 14, 2023**

*s/ Stephen P. McGlynn*  
**STEPHEN P. McGLYNN**  
**U.S. District Judge**
